

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-378-CR

DAVID DURAN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On September 12, 2008, the trial court denied Appellant David Duran's "Chapter 64 C.Cr.P. Motion for Discovery." Duran's notice of appeal from this order was due by October 13, 2008, but was not filed until October 14, 2008. *See* Tex. R. App. P. 26.2(a)(1).

---

[1] *See* Tex. R. App. P. 47.4.

On December 30, 2008, we notified Duran's court-appointed counsel of the apparent untimeliness of the appeal; requested that he advise whether the notice of appeal was properly addressed, stamped, and mailed by United States Postal Service to the proper trial court clerk on or before October 13, 2008; and stated that the appeal would be dismissed for want of jurisdiction if the court determined that the appeal was not timely perfected. *See* Tex. R. App. P. 9.2(b)(1), (2).[2] Duran's court-appointed counsel responded to our letter, but the response contains no proof that the notice of appeal was deposited with the United States Postal Service on or before October 13, 2008. Moreover, Duran did not file a motion for extension of time stating a reasonable explanation for the untimely notice of appeal within fifteen days of the last day for filing so as to provide another basis for appellate jurisdiction. *See* Tex. R. App. P. 26.3(b); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996) (holding that when notice of appeal is filed within fifteen-day period but no timely motion for extension of time is filed, appellate court lacks jurisdiction).

---

[2] Under rule of appellate procedure 9.2(b), a notice of appeal is timely only if it was deposited with the United States Postal Service on or before the last day for filing and received by the trial court within ten days after the filing deadline. Tex. R. App. P. 9.2(b)(1). Our December 30, 2008 letter also listed the items that we would accept as evidence of proof of mailing.

2

Because Duran's notice of appeal was untimely, we have no basis for jurisdiction over the appeal. *See Olivo*, 918 S.W.2d at 522–23. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  MEIER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 19, 2009